UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Anton Andreyerich Iagounov,

             Petitioner

v.

U.S. Marshal Service,

             Respondent

Case No. 2:26-cv-01313-CDS-BNW

**Dismissal Order**

Petitioner Anton Andreyerich Iagounov, a federal pretrial detainee, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 and a application to proceed *in forma pauperis*. ECF Nos. 1, 1-1. I find that good cause exists to grant the IFP application. However, after reviewing the petition under the Rules Governing Section 2254 Cases,[1] I dismiss the petition.

## I.      Background

On May 8, 2025, Iagounov was indicted on fifteen counts of false information and hoax in *United States of America v. Anton Andreyevich Iagounov*, 3:25-cr-00017-ART-CSD-1.[2] Iagounov's jury trial is currently scheduled for August 18, 2026. In his petition, Iagounov presents the following grounds for relief: (1) "[f]ederal detainees in Nevada (pre-trial and post-conviction) are being contracted out to non-federal agencies for housing" and this "delegat[ion of] authority to non-federal agencies" is illegal, and (2) federal detainees "are being deprived of adequate medical, mental, and dental care and food of nutritional value." ECF No. 1-1.

## II.      Discussion

Habeas Rule 4 requires federal district courts to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. This rule allows

---

[1] I exercise my discretion to apply the rules governing § 2254 petitions to this § 2241 action. *See* Rule 1(b) of the Rules Governing Section 2254.

[2] I take judicial notice of the docket records in case number 3:25-cr-00017-ART-CSD-1.

courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

I deny Iagounov's petition because he is not entitled to relief, at least under 28 U.S.C. § 2241. First, Iagounov's claim that he is being illegally detained at a non-federal institution lacks merit. "Congress . . . may arrange with a single State for the use of its prisons, and require the courts of the United States to execute their sentence of imprisonment in them." *Ex parte Karstendick*, 93 U.S. 396, 400 (1876). "[T]his is left to the discretion of the legislative departments of the government, and is beyond the control of the courts." *Id.*; *see also* 18 U.S.C. § 4003. Second, Iagounov's claim regarding care and food deals with his conditions of confinement and must be brought, if at all, under 42 U.S.C. § 1983. *See Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) ("[A] § 1983 action is the exclusive vehicle for suits about prison life.").

III.    Conclusion

It is therefore ordered that the IFP application **[ECF No. 1] is granted**.

It is further ordered that the petition for writ of habeas corpus **[ECF No. 1-1] is denied**. A Certificate of Appealability is denied because reasonable jurists would not find the denial the Petition to be debatable or wrong.

The Clerk of the Court is kindly directed to enter judgment and close this action.

Dated: April 30, 2026

_____
Cristina D. Silva
United States District Judge

2