UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Anton Andreyerich Iagounov,

Petitioner

v.

U.S. Marshals Service, et al.,

Respondents

Case No: 2:26-cv-01313-CDS-BNW

**Order Denying Petitioner's
Motion for Recusal**

[ECF No. 5]

This is a now-closed[1] purported habeas action that was brought by pro se petitioner Anton Andreyerich Iagounov against the U.S. Marshals Service and Immigration and Customs Enforcement. *See* Pet., ECF No. 1. Iagounov moves to recuse the undersigned from this action pursuant to 28 U.S.C. § 455. Mot., ECF No. 5. That statute provides that a judge of the United States shall disqualify herself from a proceeding in which her impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). That statute further provides that a judge shall disqualify herself when she has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. *Id.* at § 455(b)(1). Thus, under § 455, recusal of a federal judge is appropriate for either actual bias or the appearance of bias if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993); *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991); *Herrington v. Sonoma Cnty.*, 834 F.2d 1488, 1502 (9th Cir. 1987). In this context, the "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather a "well-informed, thoughtful observer" who "understand[s] all the relevant facts" and "has examined the record and law." *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008) (citations omitted). This standard does not mandate recusal upon the mere

---

[1] Judgment was entered in favor of the respondents on May 1, 2026. *See* J., ECF No. 4.

"unsubstantiated suspicion of personal bias or prejudice." *Id.* (citation omitted). And, "[s]ince a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased." *Torres v. Chrysler Fin. Co.*, 2007 WL 3165665, at *2 (N.D. Cal. Oct. 25, 2007) (citing *Reiffin v. Microsoft Corp.*, 158 F. Supp. 2d 1016, 1021–22 (N.D. Cal. 2001)).

Iagounov failed to meet his burden showing recusal is appropriate. First, proper grounds for recusal alleging prejudice must result from an extrajudicial source. *See Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). This means that a judge's previous adverse ruling alone is not sufficient bias for recusal. *Id.* Here, the petitioner moves in part to recuse the undersigned because I have previously ruled against him. *See* ECF No. 5 at 1–2. The fact that the undersigned has previously ruled against the petitioner is not a basis for recusal. *Id.*; *see also Holland*, 519 F.3d at 913–14 (a judge should also bear in mind that § 455(a) is limited by the "extrajudicial source" factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of a trial). Indeed, as stated by the Supreme Court, "[j]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Litekey v. United States*, 510 U.S. 540, 555 (1994).

Second, Iagounov fails to meet his burden of showing my impartiality might be reasonably questioned. While the motion correctly references my former employment as a federal prosecutor, the remainder consists of allegations that are unfounded, untrue, and seemingly rooted in mere suspicion. The reasonable person standard does not mandate recusal upon the mere "unsubstantiated suspicion of personal bias or prejudice." *Garvey v. Donaldson*, 2026 U.S. Dist. LEXIS 109069, at *2 (D. Nev. May 15, 2026). (citation omitted). Indeed, federal judges regularly deny recusal motions where the judge's prior employment had an arguable relationship to the issues presented in the case before them. *See, e.g., Jackson v. Tesla, Inc.*, 772 F. Supp. 3d 1111 (N.D. Cal. 2025) (citing *Philip Morris USA Inc. v. United States FDA*, 156 F. Supp. 3d 36 (D.D.C. 2016)); *see also United States v. Champlin*, 388 F. Supp. 2d 1177, 1183–84 (D. Haw. 2005) (finding that judge's prior employment as an Assistant U.S. Attorney did not give rise to

reasonable questions regarding the court's impartiality). Accordingly, recusal is not appropriate here, so Iagounov's motion is denied.

**Conclusion**

IT IS HEREBY ORDERED that the petitioner's motion for recusal **[ECF No. 5] is DENIED.**

There can be no more filings in this closed action.

Dated: June 1, 2026

_____
Cristina D. Silva
United States District Judge