UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| Anton Andreyerich Iagounov, | Case No: 2:26-cv-01313-CDS-BNW |
|---|---|
| Petitioner | **Order Denying Petitioner's Motion for Reconsideration and Relief Pursuant to Fed. R. Civ. P. 60(b)** |
| v. | |
| U.S. Marshals Service, et al., | [ECF No. 7] |
| Respondents | |

This is a now-closed[1] purported habeas action that was brought by pro se petitioner Anton Andreyerich Iagounov against the U.S. Marshals Service and other respondents. *See* Pet., ECF No. 1. Iagounov now moves for reconsideration of my orders dismissing this action and denying his motion for recusal. *See* Mot., ECF No. 7. For the reasons set for herein the motion is denied.

## I.    Discussion

Motions for reconsideration offer "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation modified). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). A motion to reconsider must provide a court with valid grounds for reconsideration, which include showing some valid reason why the court should reconsider its prior decision and setting forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision. *See Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003) (citing *All Hawaii Tours, Corp. v. Polynesian*

---

[1] Judgment was entered in favor of the respondents on May 1, 2026. *See* J., ECF No. 4.

*Cultural Ctr.*, 116 F.R.D. 645, 648–49 (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988))).

Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Rule 60(b)(6) "allows alteration for 'any other reason justifying relief from the judgment.'" *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989) (quoting Fed. R. Civ. P. 60(b)(6)). A Rule 60(b)(1) motion "must show that the district court committed a specific error." *Id.* Further, to prevail on a Rule 60(b)(6) motion, a "plaintiff must demonstrate 'extraordinary circumstances' to justify relief from judgment." *Id.* (quoting *United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982)).

Iagounov's motion for reconsideration and request for relief under Federal Rule of Civil Procedure 60(b) fails for two reasons. First, the motion fails to cite any points and authorities supporting the requested relief, so the petitioner consents to denial of his motion. *See* Local Rule 7-2(d) ("The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion.). Instead, the petitioner raises self-serving allegations[2] and expresses disagreement with my decisions. But it is well established that a party's displeasure or disagreement does not constitute grounds for reconsideration. *See, e.g.*, *Bradford v. Khamooshian*, 2019 WL 5061316, at *3 (S.D. Cal. Oct. 9, 2019) ("[M]ere disagreement with the Court's decision is not sufficient grounds for reconsideration."); *Carver v. Hawaii*, 2024

---

[2] In an attempt to support his allegations, Iagounov's attached FBI 302s. ECF No. 7 at 10–13. Its unclear if these 302s are appropriately filed on the public docket or subject to any protective orders. Accordingly, the Clerk of Court is kindly directed to detach Iagounov's motion and refile it without those pages, and to seal ECF No. 7.

WL 969648, at *1 (D. Haw. Feb. 22, 2024) ("[C]onclusory disagreement is plainly not sufficient grounds for reconsideration."). Second, the motion fails to provide this court with any valid grounds for reconsideration or relief under Rule 60(b), such as newly discovered evidence, that I committed clear error, or that there was an intervening change in the controlling law that would warrant reconsideration. Rather, the motion summarily contends that he is entitled to relief because of self-serving allegations. Accordingly, Iagounov's motion is denied.

<b>Conclusion</b>

IT IS HEREBY ORDERED that petitioner's motion for reconsideration **[ECF No. 7] is DENIED.**

The Clerk of Court is kindly directed to seal Iagounov's motion (ECF No. 7) then refile it on the public docket without pages 10–13.

There can be no more filings in this now closed action. Iagounov is cautioned that if he attempts additional filings in this case, they may be summarily stricken.

Dated: June 12, 2026

_____
Cristina D. Silva
United States District Judge